Adrienne L. Conrad (SBN 318776)
Solin J. Melahaji (SBN 323564)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
adrienne.conrad@jacksonlewis.com
solin.melahaji@jacksonlewis.com

Attorneys for Defendant
PLUS ONE HOLDINGS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GARGANO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PLUS ONE HOLDINGS, INC.,<br><br>Defendant. | Case No.: **'22CV735 DMS MDD**<br><br>[*Transferred from San Diego Superior Court Case Number 37-2022-00014361-CU-WT-CTL*]<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA – PURSUANT TO 28 U.S.C. §§ 1332, AND 1441 (DIVERSITY)**<br><br>Complaint filed: April 18, 2022<br>Trial Date: Not Assigned |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant PLUS ONE HOLDINGS, INC. ("Defendant"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441, thereby removing the above-entitled action from the Superior Court of the State of California in and for the County of San Diego (the "Superior Court") to the United States District Court for the Southern District of California (the "District Court").

The following statement of grounds for removal is submitted pursuant to the provisions of Section 1446.[1]

## I. STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to Section 1441, because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II. PLEADINGS AND PROCESS

3. On April 18, 2022, Plaintiff AMBER GARGANO ("Plaintiff") filed a Complaint in the Superior Court of California, County of San Diego, entitled *Amber Gargano v. Plus One Holdings, Inc.*, Case No. 37-2022-00014361-CU-WT-CTL. True and correct copies of the Complaint, Summons, and all accompanying documents filed by Plaintiff are attached to the Declaration of Adrienne L. Conrad ("Conrad Decl.") as **Exhibit "A."** (Conrad Decl., ¶ 2.) *See also* 28 U.S.C. § 1446(a).

4. Plus One Holdings, Inc. was first served with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Notice of Eligibility to eFile and Assignment to Imaging Department in the State Court Action by delivery upon its authorized agent for service of process in California on April 20, 2022. A true and correct copy of the Summons and all related case documents served on Defendant in the State Court Action other than the Complaint are collectively attached to the Conrad Decl. as **Exhibit "B."** (Conrad Decl., ¶ 3.)

///

///

---

[1] All subsequent references to "Section" are to Title 28 of the United States Code.

5.	Defendant is informed and believes that it is the only named defendant in the State Court Action and that no other party has been properly joined or served with the Complaint in the State Court Action. (Conrad Decl., ¶ 4.) *See also* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in and consent to the removal of the action").

6.	On May 19, 2022, Plus One Holdings, Inc. filed and served its Answer in the Superior Court. A true and correct copy of Defendant's Answer filed in the State Court Action is attached to the Conrad Decl. as **Exhibit "C."** (Conrad Decl., ¶ 5.) Exhibits A through C constitute all the pleadings that have been filed in the State Court Action as of the date of filing of this Notice of Removal. (Conrad Decl., ¶ 6.)

7.	In the Complaint, Plaintiff alleges six causes of action for: (1) Disability Discrimination (Govt. Code §12940(a)); (2) Failure To Reasonably Accommodate Disability (Govt. Code §12940(m)); (3) Failure To Engage In Good Faith Interactive Process (Govt. Code §12940(n)); (4) Retaliation In Violation Of The Fair Employment And Housing Act (Govt. Code § 12940(k)); (5) Failure To Prevent Discrimination and Retaliation (Govt. Code § 12940(k)); (6) Wrongful Termination In Violation Of Public Policy. (*See generally* Complaint, attached to Conrad Decl. as **Exhibit A**)

8.	Venue of this action lies in the United States District Court for the Southern District of California – pursuant to Sections 1441, *et seq*. and 1391(a) – because this is the judicial district of this Court in which the action arose and where Plaintiff resides.

**III.	TIMELINESS OF REMOVAL**

9.	This Removal is timely because it is being filed within thirty (30) days after Plus One Holdings, Inc. was served with a copy of Plaintiff's Summons and Complaint, on April 20, 2022. (*See* Conrad Decl., ¶ 3.)

10.	This Removal is, therefore, filed within the time period mandated by Section 1446(b), since the deadline to remove is May 20, 2022. *Murphy Bros., Inc. v. Michetti*

///

*Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint).

## IV. VENUE

11. This action was initially filed in the Superior Court in the County of San Diego, which sits within the Southern District Court of California.  28 U.S.C. §§ 84(d) ("The Southern District comprises the counties of Imperial and San Diego. Court for the Southern District shall be held at San Diego.").

12. Thus, for purposes of Removal, venue properly lies in this District Court. *See* 28 U.S.C. § 1446(a).

## V. THE DISTRICT COURT MAY EXERCISE DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a).

13. This case meets the requirements of Section 1332(a) and may be removed to federal court pursuant to Section 1441 because it is a civil action: (1) "between citizens of different States;" (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(a), 1441.

### A. The Parties Are Citizens of Different States.

14. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (noting a party's residence is *prima facie* evidence of his domicile); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("the place of residence is *prima facie* the domicile").

///
///

15. Plaintiff was employed by Plus One Holdings, Inc. from approximately February 2014, through March 29, 2021. (Declaration of Heather Fanizza ("Fanizza Decl."), ¶ 3.) During which, Plaintiff worked within the County of San Diego, California. (Fanizza Decl., ¶ 4.)

16. Plaintiff's Complaint affirmatively alleges that she was, at all relevant times, a resident of San Diego County, California. (*See* Complaint, ¶ 3.) Therefore, **Plaintiff is presumptively a citizen of California**.

17. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

18. Plus One Holdings, Inc. has been and is a corporation duly created, incorporated and organized under the laws of the State of Delaware, with its headquarters and principal place of business in the State of New York. New York is Defendant's corporate "nerve center," as it is the state in which all of Defendant's primary executive, administrative, financial, and management functions are conducted and where the high-level officers direct, control, and coordinate the corporation's activities. (Fanizza Decl., ¶ 2.) Thus Defendant, both at the time this action was commenced and the time it was removed to federal court, is either a citizen of the State of Delaware or New York within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in the State of New York. (*Ibid.*)

19. Given that Plus One Holdings, Inc. is not incorporated in California, and is not headquartered in California, **Plus One Holdings, Inc. is not a citizen of California**.

20. Pursuant to Section 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity of citizenship between the parties to an action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding the "district court was correct in only considering the domicile of

the named defendants"). Plus One Holdings, Inc. is informed and believes, and on that basis asserts, that no other defendant in this action has been properly joined and served as provided in Section 1441(b)(2). (Conrad Decl., ¶ 4; **Exhibit B.**)

21. Based on the foregoing, this action is one between "citizens of different States" in accordance with Section 1332(a).

### B. Plaintiff's Complaint Places More Than $75,000 in Controversy.

22. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

23. When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

24. Courts "must assume that the allegations of the complaint are true and that a jury [will] return [] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).[2] The ultimate inquiry is what amount is placed "in controversy" by the complaint

---

[2] By demonstrating the basis for the District Court's original jurisdiction under the diversity statute, Plus One Holdings, Inc. in no way concedes that Plaintiff's claims are valid or that she is entitled to recover anything from Plus One Holdings, Inc.

and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010); s*ee also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400.

25. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

26. Here, Plaintiff seeks damages in excess of $75,000. (*See* Complaint, Prayer for Relief ¶ 1-7 (for lost income and other economic damages on all causes of action, emotional distress and pain and suffering, punitive damages.)

27. Attorney's fees may be taken into account to determine the jurisdictional amount in controversy. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945. Plaintiff's attorney's fees are recoverable under the California Government Code and the Fair Employment and Housing Act. Govt. Code §12965(b). Attorney's fees in individual employment cases often exceed damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Accordingly, it is reasonable to consider Plaintiff's attorney's fees amounting to at least $75,000 through trial for purposes of calculating the amount in controversy in this action.

28. Punitive damages may also be included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

29. In, *Aucina v. Amoco Oil Co.*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive

///

damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

30. Ultimately, the evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court. Indeed, Plaintiff seeks to recover unpaid wages, general damages, punitive damages, and emotional distress damages. In addition, the attorney's fees incurred through trial will very likely exceed $75,000.

31. Thus, this civil action may be removed to this Court by Plus One Holdings, Inc. pursuant to the provisions of Sections 1332, 1441 *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth in paragraphs 1 through 30 above, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

32. This Notice of Removal is filed within thirty (30) days after Plus One Holdings, Inc. was properly served with a copy of the Summons and Complaint in this case and within one year after the state court action was filed. This Notice therefore is filed within the time period provided by Section 1446(b).

## VI. NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES

36. As required by Section 1446(d), a copy of the Notice of Removal is being filed in the California Superior Court in and for the County of San Diego. (Conrad Decl., ¶ 7.)

///
///
///
///
///
///
///

37.     As also required by Section 1446(d), Plus One Holdings, Inc. is serving Plaintiff, the only adverse party, and the Superior Court with this Notice of Removal, and will affirm such in a Declaration of Service.  (Conrad Decl., ¶ 7, **Exhibit "D."**)

**WHEREFORE**, Plus One Holdings, Inc. prays the above action now pending against it in the Superior Court for the State of California in and for the County of San Diego be removed therefrom to this District Court.

DATED:  May 20, 2022				JACKSON LEWIS P.C.

							By: _____
							       Adrienne L. Conrad
							       Solin J. Melahaji
							       Attorneys for Defendant
							       PLUS ONE HOLDINGS, INC.

4858-7051-3439, v. 2