Exhibit A

**BARRITT SMITH MINER** LLP
Paul B. Miner, Bar No. 245970
pminer@barrittsmith.com
Danielle N. Riddles, Bar No. 298735
driddles@barrittsmith.com
2601 Main Street, Suite 530
Irvine, California 92614
Phone: (949) 553-0700
Fax:    (949) 553-0715

Attorneys for Plaintiff
AMBER GARGANO

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
04/18/2022 at 04:17:45 PM
Clerk of the Superior Court
By Treva Cutts, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

## UNLIMITED JURISDICTION

| | |
|---|---|
| AMBER GARGANO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PLUS ONE HOLDINGS, INC., a Delaware corporation; and<br>DOES 1 through 50, inclusive;<br><br>Defendants. | Case No.: 37-2022-00014361-CU-WT-CTL<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) **DISABILITY DISCRIMINATION (GOVT. CODE §12940(a));**<br><br>(2) **FAILURE TO REASONABLY ACCOMMODATE DISABILITY (GOVT. CODE §12940(m));**<br><br>(3) **FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS (GOVT. CODE §12940(n));**<br><br>(4) **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT (GOVT. CODE § 12940(k));**<br><br>(5) **FAILURE TO PREVENT DISCRIMINATION/RETALIATION (GOVT. CODE §12940(k)); AND**<br><br>(6) **WRONFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

1
COMPLAINT

**JURY TRIAL DEMANDED**

Assigned for All Purposes to:
Honorable
Dept.

Plaintiff Amber Gargano (hereinafter "Gargano" or "Plaintiff") alleges as follows:

## GENERAL ALLEGATIONS

1. The amount in controversy is in excess of the minimum jurisdiction of this court.

2. All acts described herein occurred in the County of San Diego, State of California.

3. Plaintiff at all times relevant herein was an individual residing in San Diego County, California.

4. Plaintiff is informed and believes and thereon alleges that Plus One Holdings, Inc. (hereinafter "Defendant" or "Plus One") is, and at all times relevant herein was, a Delaware corporation authorized to do business in, and doing business in, San Diego County, California. At all times herein mentioned prior to Plaintiff's termination, Defendant was Plaintiff's employer.

5. Plaintiff is unaware of the true names and capacities of defendants Does 1 through 50, inclusive, and therefore Plaintiff sues these defendants by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is in some manner responsible for the damage to Plaintiff as alleged in this Complaint. Plaintiff will amend this Complaint to show the true names and capacities of these fictitiously named defendants after their true names and capacities have been ascertained.

6. Plaintiff is informed and believes that, at all times herein mentioned, each of the defendants, including the fictitious Doe defendants, was the agent, successor, alter ego, wholly owned subsidiary, and/or employee of each of the remaining defendants and in doing the things mentioned herein was acting within the scope of such relationship.

7. All the acts and conduct, herein and below, described of each corporate defendant, whether specifically named and/or designated herein as Doe, was duly authorized, ordered, and ratified by its owner, managing partner, director, officer, and managing agent. Plaintiff is informed and believes,

2<br>COMPLAINT

and at all times herein mentioned, that Patrick Hargrave, General Manager, and Charina Delacruz, Benefits Administrator, were managing agents of Plus One, had broad discretionary powers, exercised substantial independent authority and judgment in their corporate decision making so that their decisions ultimately determined Defendant's policies, had the ability to make and implement adverse employment decisions, and were acting in their capacities as managing agents of Defendant when engaging in the conduct described herein.

## FACTUAL ALLEGATIONS

8. Gargano began her employment with Plus One in approximately February 2014. Over the years, Gargano held various positions, including Group Fitness Instructor, Exercise Specialist, and Personal Trainer. Gargano competently performed her job duties throughout her employment with Plus One.

9. In approximately early October 2020, Gargano began to suffer severe abdominal pain. When the abdominal pain did not subside, Gargano was forced to seek medical treatment. Gargano informed General Manager, Patrick Hargrave, of her serious health condition and need for reasonable accommodations, including intermittent time off.

10. On or about October 24, 2020, Gargano was again suffering from another severe bout of abdominal pain. She went to the hospital and was ultimately diagnosed with Diverticulitis. Gargano continued to update Hargrave and Plus One regarding her condition and need for reasonable accommodations.

11. Around this time, Gargano also began to experience excruciating pain in her back and legs, which limited major life activities, including her ability to walk and work. As a result, Gargano requested that Hargrave provide her with leave of absence paperwork. Shortly thereafter, Hargrave responded, *"I'm working on disability possibility. Trying to figure out what we can do. Talking with HR. I'll keep you updated."*

12. On November 5, 2020, Gargano finally received leave of absence paperwork from Plus One's Benefits Administrator, Charina Delacruz. Gargano's doctor completed the leave of absence paperwork, including a "Health Care Provider Accommodation Questionnaire," that confirmed Gargano

3
COMPLAINT

was unable to perform the essential functions of her position until at least December 14, 2020. Gargano's doctor noted Gargano would need to be reevaluated in a couple of weeks. Gargano provided Delacruz with the completed paperwork, and she continued to update Hargrave and Plus One regarding her health conditions.

13. Gargano initially believed she might be able to return to work in January 2021. However, her condition did not improve. On December 23, 2020, Gargano informed Hargrave of her deteriorating condition and need for additional accommodations. Gargano's text message to Hargrave stated in part: *"Hi Pat. So I have an unfortunate update for you. I had **more episodes and today's was worse**. I have **been escalated to a spine specialist for care**. At this time it doesn't look like I can teach in January."* Gargano's doctor continued to extend her medical leave over the next several months.

14. On February 10, 2021, Delacruz allegedly sent Gargano an email to Gargano's work email address requesting an update, even though Delacruz should have known Gargano no longer had access to her work email while she remained off work on medical leave. Gargano never received the email and, oddly, no one from Plus One attempted to call or text Gargano regarding her status or need for additional medical leave. Gargano also never received any communications from Plus One to her personal email address, which was on file with Plus One.

15. On March 18, 2021, Delacruz allegedly sent Gargano a letter requesting that Gargano provide an updated Fitness for Duty form by March 25, 2021. However, Gargano never received the supposed letter because Delacruz failed to include Gargano's specific apartment number on the letter.

16. On March 30, 2021, Delacruz allegedly sent Gargano another letter abruptly terminating Gargano's employment. Gargano did not receive the letter because Delacruz once again failed to include Gargano's specific apartment number on the letter. The termination letter stated in relevant part:

> *"Although we have accommodated your leave through March 29, 2021, we cannot commit to continue holding this position for you indefinitely, therefore, we understand that you do not intend to return to Plus One and process your resignation. Your employment with Plus One and all Plus One benefit programs will be terminated effective March 29, 2021."*

17. Having heard nothing from Plus One, Gargano sent Hargrave a text check in on April 15, 2021. Hargrave responded that Human Resources had sent Gargano "multiple emails" and "something via direct mail" regarding Plus One's "leave policy." When Gargano confirmed she did not have access to her work email, Hargrave falsely and deceptively explained in a text message, "*You can only take up to 12 weeks per year of leave then they have to terminate your position.*" Gargano responded, "*I have no way to access my email. They should know that. Nothing in the mail. Would have been nice to hear from my GM...*" Gargano further responded, "*Also I'm disabled so terminated isn't possible. Can you forward these emails to my personal email please.*"

18. Later that same day, Gargano received a call from Delacruz at 12:03 p.m. Gargano confirmed she was still on a doctor-ordered medical leave, and she offered to provide additional medical documentation in support of her leave. Gargano further explained she did not have access to her work email address and never received the letters apparently sent to her home address. Despite Gargano's very credible explanations, Delacruz refused to retract the unlawful termination decision.

19. On April 23, 2021, Gargano sent Delacruz a follow up email and confirmed, "*I've double checked my mailbox and nothing has come as of yesterday. It is a lock box so nothing could have fallen out thankfully.*" Gargano also explained, "*my doctor is in the process of mailing me hard copies...It's the history excusing me from work from the last year to April 25, 2021 (and will be extended again every few weeks until I'm healed).*"

20. On July 15, 2021, Gargano informed Delacruz she would be released to return to work on August 9, 2021. Having heard nothing from Delacruz, Gargano sent a follow up email on August 3, 2021, that stated in relevant part, "*I never heard back from you regarding my return to work. Unless I hear from you by August 9th, I'll assume you don't want me to return to work.*"

21. On August 6, 2021, Delacruz responded "*I am confirming I have received your return to work status and am currently reviewing. I have reached out to your direct supervisor to review and determine if there are any open positions available at this time. I will keep in contact with you confirm.*"

22. On August 19, 2021, Gargano again followed up with Delacruz regarding her return to work. One week later, on August 27, 2021, Delacruz responded with another vague and noncommittal email that stated: "*At this time, we are still confirming the details on any available positions. I will keep*

5
COMPLAINT

*you updated on any new information. I will also reach out to my colleague Carrie Lieu for any potential openings as well.*" Gargano never heard back from Delacruz or Lieu.

23. Over the next couple of weeks, Gargano noticed multiple Plus One job postings for positions she was qualified to fill. However, Gargano never received a call from Delacruz or Lieu regarding these open positions.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Gargano timely filed a Complaint with the Department of Fair Employment and Housing and received a right to sue and, thereby, exhausted her administrative remedies with regard to each cause of action below requiring such exhaustion. Gargano, therefore, timely files this action.

## FIRST CAUSE OF ACTION

### Disability Discrimination – Government Code § 12940(a)

### (Against Plus One and Does 1-50)

25. Gargano realleges and incorporates, by reference, paragraphs 1 through 24 as though fully set forth in this cause of action.

26. Plus One is subject to suit under California Fair Employment and Housing Act, Government Code section 12900 *et seq.* ("FEHA") in that Plus One regularly employs five or more persons and is an employer within the meaning of Government Code Section 12926.

27. At all times mentioned herein, Gargano competently perform her job duties and was an employee within the meaning of Government Code Section 12926 and entitled to protection under FEHA, which prohibits employers from refusing to hire, discharging, expelling, or otherwise discriminating or retaliating against an employee because of the employee's known or perceived physical disability.

28. Plus One knew of Gargano's disabilities, discriminated against Gargano on the basis of her disabilities, terminated Gargano and failed to provide Gargano with reasonable accommodation because of her known disabilities, and refused to rehire Gargano because of her known disabilities and requests for accommodation, in violation of FEHA. Additionally, Plus One regarded Gargano as having disabilities, discriminated against Gargano on the basis of it regarding her as having disabilities,

6
COMPLAINT

discriminated against Gargano on the basis of Gargano requesting reasonable accommodation, terminated Gargano because it regarded her as having disabilities, and its perception that Gargano's known and/or perceived disabilities would cause need for future reasonable leave or accommodation, and refused to rehire Gargano because it regarded her as having disabilities, in violation of FEHA.

29. As a direct and proximate result of Plus One's unlawful conduct, Gargano has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include, but are not limited to, back pay and front pay.

30. As a further direct and proximate cause of Plus One's unlawful conduct, Gargano has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses.

31. Plus One's aforementioned actions were done with malice, fraud, or oppression and in reckless disregard of Gargano's rights with the intent, design, and purpose of injuring her. Plus One, through its officers, managing agents, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct listed above. The conduct listed above was despicable and constitutes malice, fraud, and/or oppression within the meaning of Civil Code section 3294. Accordingly, Gargano seeks punitive damages in an amount appropriate to punish Plus One and to make an example of Plus One to the community.

32. As a result of the discriminatory conduct of Plus One, Gargano is entitled to and seeks costs of suit, including reasonable attorney's fees pursuant to Government Code section 12965(b).

## SECOND CAUSE OF ACTION

**Failure to Accommodate Known and Perceived Disability – Government Code § 12940(m)**

**(Against Plus One and Does 1-50)**

33. Gargano realleges and incorporates, by reference, paragraphs 1 through 32 as though fully set forth in this cause of action.

34. FEHA requires employers to accommodate the known or perceived physical or mental disabilities of employees and prohibits employers from discharging, expelling, or otherwise discriminating or retaliating against an employee because of the employee's known or perceived physical

or mental disabilities or because of an employee taking leave requested as a result of known or perceived physical or mental disabilities or because the employer believes the employee may potentially be disabled or need an accommodation in the future.

35. Plus One failed to provide Gargano with reasonable accommodations for her known or perceived disabilities, in violation of FEHA, by terminating Gargano because of her need for and request for medical leave as an accommodation to treat her known or perceived disabilities. Additionally, Plus One failed to provide Gargano with reasonable accommodations for what it regarded as Gargano's disabilities, in violation of FEHA, by terminating Gargano because of her need for and request for brief medical leave to treat what it regarded as her disabilities and because of its perception that Gargano's condition would cause need for further leave or accommodation.

36. As a direct and proximate result of Plus One's unlawful conduct, Gargano has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include, but are not limited to, back pay and front pay.

37. As a further direct and proximate cause of Plus One's unlawful conduct, Gargano has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses.

38. Plus One's aforementioned actions were done with malice, fraud, or oppression and in reckless disregard of Gargano's rights with the intent, design, and purpose of injuring her. Plus One, through its officers, managing agents, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct listed above. The conduct listed above was despicable and constitutes malice, fraud, and/or oppression within the meaning of Civil Code section 3294. Accordingly, Gargano seeks punitive damages in an amount appropriate to punish Plus One and to make an example of Plus One to the community.

39. As a result of the discriminatory conduct of Plus One, Gargano is entitled to and seeks costs of suit, including reasonable attorney's fees pursuant to Government Code section 12965(b).

## THIRD CAUSE OF ACTION

### Failure to Engage in the Interactive Process – Government Code § 12940(n)

### (Against Plus One and Does 1-50)

40. Gargano realleges and incorporates, by reference, paragraphs 1 through 39 as though fully set forth in this cause of action.

41. FEHA requires an employer to engage in a timely, good-faith interactive process to determine whether a reasonable accommodation can be made for an employee or applicant with known or perceived physical or mental disabilities, or with what the employer regards as physical or mental disabilities, so that the employee or applicant may perform the essential job functions.

42. Gargano was willing to participate, and did do her part in participating, in an interactive process to determine whether reasonable accommodation could be made.

43. In violation of FEHA, Plus One failed to engage in a timely, good-faith interactive process with Gargano to determine whether reasonable accommodation could be made.

44. As a direct and proximate result of Plus One's unlawful conduct, Gargano has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include, but are not limited to, back pay and front pay.

45. As a further direct and proximate cause of Plus One's unlawful conduct, Gargano has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses.

46. Plus One's aforementioned actions were done with malice, fraud, or oppression and in reckless disregard of Gargano's rights with the intent, design, and purpose of injuring her. Plus One, through its officers, managing agents, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct listed above. The conduct listed above was despicable and constitutes malice, fraud, and/or oppression within the meaning of Civil Code section 3294. Accordingly, Gargano seeks punitive damages in an amount appropriate to punish Plus One and to make an example of Plus One to the community.

47. As a result of the discriminatory conduct of Plus One, Gargano is entitled to and seeks costs of suit, including reasonable attorney's fees pursuant to Government Code section 12965(b).

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of the Fair Employment and Housing Act

(Against Plus One and Does 1-50)

48. Gargano realleges and incorporates, by reference, paragraphs 1 through 47 as though fully set forth in this cause of action.

49. Plus One retaliated against Gargano because of her engagement in protected activity including her request for accommodation for her physical disabilities in violation of FEHA.

50. As a direct and proximate result of Plus One's unlawful conduct, Gargano has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include, but are not limited to, back pay and front pay.

51. As a further direct and proximate cause of Plus One's unlawful conduct, Gargano has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses.

52. Plus One's aforementioned actions were done with malice, fraud, or oppression and in reckless disregard of Gargano's rights with the intent, design, and purpose of injuring her. Plus One, through its officers, managing agents, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct listed above. The conduct listed above was despicable and constitutes malice, fraud, and/or oppression within the meaning of Civil Code section 3294. Accordingly, Gargano seeks punitive damages in an amount appropriate to punish Plus One and to make an example of Plus One to the community.

53. As a result of the discriminatory conduct of Plus One, Gargano is entitled to and seeks costs of suit, including reasonable attorney's fees pursuant to Government Code section 12965(b).

## FIFTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation – Government Code § 12940(k)

(Against Plus One and Does 1-50)

54. Gargano realleges and incorporates, by reference, paragraphs 1 through 53 as though fully set forth in this cause of action.

55.	Plus One had actual and constructive knowledge of the conduct described in the paragraphs above. Plus One failed to comply with its statutory duty, pursuant to Government Code section 12940(k), to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

56.	As a direct and proximate result of Plus One's unlawful conduct, Gargano has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include, but are not limited to, back pay and front pay.

57.	As a further direct and proximate cause of Plus One's unlawful conduct, Gargano has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses.

58.	Plus One's aforementioned actions were done with malice, fraud, or oppression and in reckless disregard of Gargano's rights with the intent, design, and purpose of injuring her. Plus One, through its officers, managing agents, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct listed above. The conduct listed above was despicable and constitutes malice, fraud, and/or oppression within the meaning of Civil Code section 3294. Accordingly, Gargano seeks punitive damages in an amount appropriate to punish Plus One and to make an example of Plus One to the community.

59.	As a result of the discriminatory conduct of Plus One, Gargano is entitled to and seeks costs of suit, including reasonable attorney's fees pursuant to Government Code section 12965(b).

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

(Against Plus One and Does 1-50)

60.	Gargano realleges and incorporates, by reference, paragraphs 1 through 59 as though fully set forth in this cause of action.

61.	Plus One terminated Gargano because of her known or perceived disabilities, because of her record and history of disabilities, because of her need for, and requests for, an accommodation for her known or perceived disabilities, because it failed to engage in an interactive process regarding

11
COMPLAINT

accommodating Gargano's known or perceived disabilities, and because Gargano exercised her right to take leave under FEHA, in violation of public policy.

62. Plus One's termination of Gargano's employment violates fundamental public policies of the State of California, including, but not limited to, FEHA.

63. As a direct and proximate result of Plus One's unlawful conduct, Gargano has suffered, and continues to suffer, economic damages in an amount to be proven at trial, which include, but are not limited to, back pay and front pay.

64. As a further direct and proximate cause of Plus One's unlawful conduct, Gargano has suffered and continues to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses.

65. Plus One's aforementioned actions were done with malice, fraud, or oppression and in reckless disregard of Gargano's rights with the intent, design, and purpose of injuring her. Plus One, through its officers, managing agents, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct listed above. The conduct listed above was despicable and constitutes malice, fraud, and/or oppression within the meaning of Civil Code section 3294. Accordingly, Gargano seeks punitive damages in an amount appropriate to punish Plus One and to make an example of Plus One to the community.

## PRAYER FOR RELIEF

Wherefore, Gargano prays for judgment against Plus One as follows:

1. For lost income and other economic damages on all causes of action, in an amount according to proof at the time of trial;
2. For emotional distress and pain and suffering on all causes of action that allow for such recovery;
3. For punitive damages in an amount according to proof at the time of trial, on all causes of action that allow for such recovery;
4. For compensatory damages on all causes of action, in an amount to be proven at trial;
5. For attorneys' fees;

6. For costs of suit incurred herein; and

7. For such other relief as may be just and proper.

DATED: April 18, 2022                           **BARRITT SMITH MINER LLP**

By: _____
         Paul B. Miner

Attorney for Plaintiff
AMBER GARGANO

## DEMAND FOR JURY TRIAL

Plaintiff Amber Gargano hereby demands a jury trial on all causes of action set forth in this Complaint.

DATED: April 18, 2022

BARRITT SMITH MINER LLP

By: _____
Paul B. Miner

Attorney for Plaintiff
AMBER GARGANO