UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GARGANO,<br><br>                    Plaintiff,<br><br>     v.<br><br>PLUS ONE HOLDINGS, INC.,<br><br>                    Defendant. | Case No.: 22-cv-00735-DMS-MMP<br><br>**ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE** |

Pending before the Court are Defendant's Motions in Limine. (ECF Nos. 47–48.) In this diversity case, Plaintiff Amber Gargano ("Plaintiff" or "Gargano"), a citizen of California, sues her employer, Plus One Holdings, Inc. ("Defendant" or "Plus One"), a Delaware corporation with its principal place of business in New York, asserting various causes of action related to disability discrimination in employment in violation of California's Fair Employment and Housing Act (FEHA) stemming from her diagnosis of diverticulitis. Trial is scheduled to begin on August 21, 2023. The Court set August 2, 2023, as the deadline for the Parties to submit motions in limine and limited each party to a total of five motions. (Order re: Trial, ECF No. 41.) Defendant has filed two motions and Plaintiff has filed none. In Defendant's first motion, Defendant moves to preclude Plaintiff from presenting the testimony of Plaintiff's friends who are expected to testify on their observations of Plaintiff's emotional state after her termination. (Def.'s Mot. in Lim.

No. 1, ECF No. 47.) In the second motion, Defendant moves to preclude Plaintiff from presenting evidence of her subjective beliefs on her work performance, including whether she deserved a promotion, during her employment with Defendant Plus One. (Def.'s Mot. in Lim. No. 2, ECF No. 48.) On August 8, 2023, Plaintiff filed oppositions to Defendant's motions. (ECF Nos. 51–52.) On August 11, 2023, the Court heard argument on the motions. For the reasons explained below, the Court **DENIES** both motions.

## I.     Motion No. 1 – Plaintiff's Friends' Testimony

Defendant moves for an order barring Plaintiff and her counsel from presenting testimony from Plaintiff's friends—Marissa Ochoa, Courtney Tonarelli, Erika Elston, and Jennifer Bergo. (Def.'s Mot. in Lim. No. 1, at 2.) Plaintiff's friends are expected to testify about their "observations of" Plaintiff's "emotion state after her termination." Plaintiff argues that this testimony is relevant to Plaintiff's claim for compensatory damages due to her emotional distress. (Pl.'s Opp'n to Def.'s Mot. in Lim. No. 1, at 1, ECF No. 51.) Defendant objects to the admissibility of this testimony on multiple grounds. First, Defendant argues that such testimony would consist of inadmissible hearsay barred by Federal Rules of Evidence 801–02 "[t]o the extent their testimony is based upon" Plaintiff's "prior out of court statements." (Def.'s Mem. of P. & A. in Supp. of Mot. in Lim. No. 1, at 2, ECF No. 47-1.) In addition, Defendant argues that Plaintiff's friends' testimony should be excluded as improper lay testimony, *see* Fed. R. Evid. 602 & 701, as irrelevant, *see* Fed. R. Evid. 401–02, and as unduly prejudicial, likely to confuse or mislead the jury, likely to waste time, and cumulative, *see* Fed. R. Evid. 403.

A. <u>Hearsay Argument</u>

Defendant has not shown that the friends' testimony should be categorically barred as improper hearsay testimony. A statement that a party "offers in evidence to prove the truth of the matter asserted in the statement" is inadmissible hearsay unless it falls within a recognized exception. Fed. R. Evid. 801(c) & 802. One such exception is the state-of-mind exception: "A statement of the declarant's then-existing state of mind . . . or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health),

but not including a statement of memory or belief to prove the fact remembered or believed" is "not excluded by the rule against hearsay." Fed. R. Evid. 803(3). However, "[t]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to *why* he held the particular state of mind, or what he might have believed that would have induced the state of mind." *United States v. Emmert*, 829 F.2d 805, 810 (9th Cir. 1987) (quoting *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980)) (emphasis added). To determine the admissibility of a statement under the state-of-mind exception, the Court must weigh three relevant factors: "contemporaneousness, chance for reflection, and relevance." *United States v. Faust*, 850 F.2d 575, 585 (9th Cir. 1988).

Plaintiff's friends may testify as to their observations of Plaintiff's emotional state following her termination, including any statements Plaintiff may have made that are probative of her emotional state. Such testimony is admissible because it would not be "offered to prove the truth of the fact underlying the memory or belief," but to show Plaintiff's "state of mind at the time" of her termination. *Wagner v. County of Maricopa*, 747 F.3d 1048, 1053 (9th Cir. 2013). So long as Plaintiff's friends do not relay Plaintiff's own statements on *why* she was in a particular emotional state (e.g., "I am sad because Plus One terminated my employment"), their testimony would be admissible. Defendant may raise hearsay objections during trial on a question-by-question basis.

B. Improper Lay Testimony Argument

Defendant has not shown that the friends' testimony should be categorically barred as improper lay testimony. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

A witness's testimony on their perception that someone appeared to be in a particular

emotional state is proper lay testimony so long as the jury is unlikely to believe that the witness was offering a clinical opinion or diagnosis. *See Farfaras v. Citizens Bank & Tr. of Chicago*, 433 F.3d 558, 565–66 (7th Cir. 2006) (witness's statement that plaintiff was "depressed" as a result of defendants' sexual harassment was permissible lay testimony because it was clear in context that the witness did not use the term "depressed" as a clinical term); *United States v. Schultz*, No. Cr. S-07-76 KJM, 2008 WL 152132, at *1 n.1 (E.D. Cal. Jan. 16, 2008) ("While defendant may not present lay evidence about a specific diagnosis, it would be permissible for her to testify that she was depressed."). Accordingly, so long as the witnesses testify as to their perception of Plaintiff's emotional state and do not offer clinical opinions or diagnoses, their testimony as to Plaintiff's emotional state after her termination is permissible under Federal Rules of Evidence 602 and 701.

C. <u>Relevance and Rule 403 Arguments</u>

Defendant has not shown that the friends' testimony would be categorically irrelevant, unduly prejudicial, wasteful of time, or needlessly cumulative. Evidence is relevant if it has any tendency to make a fact of consequence "more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Additionally, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff's friends' testimony regarding Plaintiff's emotional state after Plaintiff learned of her termination is clearly relevant to show Plaintiff's emotional distress. Defendant makes no persuasive argument that their testimony would be unduly prejudicial, wasteful of time, likely to confuse the jury, or needlessly cumulative.

In conclusion, Defendant's First Motion in Limine is **DENIED**. Defendant may raise objections on a question-by-question basis as they arise.

II. **Motion No. 2 – Plaintiff's Subjective Evidence of Her Job Performance**

Next, Defendant moves for an order barring Plaintiff from presenting testimony

regarding her subjective beliefs of her job performance while employed at Plus One—including whether she believed she deserved a promotion. (Def.'s Mem. of P. & A. in Supp. of Mot. in Lim. No. 2, at 2, ECF No. 48-1.) Plaintiff is expected to testify that she subjectively believed her performance during her employment at Plus One was good. Plaintiff argues that this testimony is "directly relevant to her emotional distress arising out of her termination" because Plaintiff's expectation to remain in her job, her overall positive performance ratings, and her desire to be promoted are relevant factors the jury can consider in assessing her emotional distress. (Pl.'s Opp'n to Def.'s Mot. in Lim. No. 2, at 1, ECF No. 52.) Defendant argues that this testimony should be excluded as irrelevant, *see* Fed. R. Evid. 401–02, and as unduly prejudicial, *see* Fed. R. Evid. 403, because Plaintiff's subjective views on her job performance or entitlement to a promotion in the year 2019 predates her disability and ultimate termination in 2020–21.[1] (Def.'s Mem. of P. & A. in Supp. of Mot, in Lim. No. 2, at 3.)

Defendant makes no persuasive argument that such testimony should be categorically excluded as irrelevant. As to undue prejudice, Defendant argues that the testimony would be unduly prejudicial because "[a]n employee may not substitute . . . her judgment of her [own] performance or qualifications for the employer's." (Pl.'s Opp'n to Def.'s Mot. in Lim. No. 2, at 3.) However, the cases Defendant cites in support of this argument are inapposite to the evidentiary issue before the Court. In *Pugh v. See's Candies, Inc.*, the California Court of Appeal held: "In deciding whether the employee's termination was for a fair and honest cause or reason regulated by the good faith of the employer, the jury does scrutinize the employer's business judgment and determines whether the discharge was justified under all the circumstances." 203 Cal. App. 3d 743, 749 (1988) (internal quotation omitted); *accord Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th

---

[1] However, at the hearing on August 11, 2023, Plaintiff's counsel represented that Plaintiff will not testify about her subjective belief that she deserved a promotion in 2019. She will testify as to her future work expectations only at the time of her termination.

52, 77, 79–80 (2000); *Horn v. Cushman & Wakefield W., Inc.*, 72 Cal. App. 4th 798, 816 (1999). Here, Plaintiff seeks to testify about her subjective beliefs regarding her job performance not for the purpose of showing that Defendant lacked a legitimate good-faith business reason for terminating Plaintiff's employment, but to show emotional distress stemming from her termination.

Defendant's second motion in limine is therefore **DENIED**. However, Defendant may propose a limiting instruction on how Plaintiff's testimony on her subjective beliefs of her job performance and expectation of a promotion may be used.

### III. Conclusion

Defendant's Motion in Limine No. 1 is **DENIED**. Plaintiff's friends may testify as to their observations of Plaintiff's emotional state following her termination so long as (1) they do not offer testimony relaying Plaintiff's own statements concerning the reasons for her emotional state, and (2) they do not offer clinical opinions or diagnoses about Plaintiff's mental health. Defendant may raise objections on a question-by-question basis as they arise.

Defendant's Motion in Limine No. 2 is **DENIED**. However, Defendant may propose a limiting instruction on how the jury may use Plaintiff's testimony about her subjective beliefs of her job performance and expectation of a promotion. Defendant may submit this instruction along with the Parties' proposed jury instructions due on August 14, 2023. (*See* Order re: Trial.)

**IT IS SO ORDERED.**

Dated: August 11, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court